Mathews, J.
delivered the opinion of the court. The plaintiff and appellant sues on a promissory note made by Lewis H. Gardner, during his marmiage with the defendant, his widow and the natural tutrix of their minor children, in which capacity she represents them as heirs of their father.
The note is dated on the 19th of May 1818, made payable two months thereafter, and bears interest, if not punctually paid at the rate of ten per cent a year, from the date. Judgment was given including the interest from the date, until the day of payment, but only against the estate of Lewis H. Gardner deceased; and, on these two grounds it is complained of by the appellant.
Whether the stipulation, in the note for the payment of interest can be considered, in the nature of a penalty or simply as an agreement to pay interest on the condition therein expressed, we cannot see any reason why the promissor should not be bound thereby.
The obligation, arising from such a covenant, can be legally affected, only as arising from an *717 usurious contract. But, as our laws authorise conventional interest at the rate of ten per cent, and as that stipulated for, in the present case does not exceed that amount, we are of opinion that it ought to have been allowed,
The plaintiff and appellant’s right to recover against the defendant and appellee as partner and proprietor of one half of the matrimonial acquests and gains, is resisted on the ground of her renunciation, as authorised by law.
To entitle awidow to the benefit of such a renunciation, it is required that she should have the estate regularly inventoried, and that she should not have taken any active concern, in the effects of the community, except such as may be considered as conservatory only. Civ. Code, 338.
In the present case, it appears from the evidence that the defendant’s husband died on the 12th of August 1819, that the inventory of his estate was not commenced until the 20th of November following, that the defendant did not attempt to renounce the partnership or community of gains, until some time in May 1820, and that, previous to her renunciation, she had taken an active concern in the effects of the community; as a proof of which it is shewn that she transferred, in the purchase of *718 a plantation for herself, a note of $2000, belonging to the community.
Baldwin for the plaintiff, Bullard and Thomas for the defendant.
With this evidence before us, we are of opinion, that the defendant was not at liberty to renounce the community and clear herself from the debts, incurred during the marriage, and that she is liable to the payments of one half of them.
It is therefore, ordered, adjudged and decreed that the judgment of the district court be annulled, avoided and reversed, and it is further ordered, adjudged and decreed that the plaintiff and appellant do recover from the defendant and appellee, the sum of seven hundred dollars, with interest from the 19th of May 1818, until the 25th of March 1820, at the rate of ten per cent a year, on the sum of $1600, and interest at the same rate on $700, from the day last mentioned until paid: and that the amount of this judgment be levied one half of the goods and chattels of her, the said defendant, Sarah Gadner, and the other half of those of the estate of said Lewis H. Gardner deceased, and that the appellee pay the costs of his appeal.